# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **EDWARDO R. MORALES CHAVEZ,** | ) | Case No. 21-10589 (Geneva) |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| _____ | ) | |
| | ) | |
| **BEACON FUNDING CORPORATION**, | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. |
| | ) | |
| **EDWARDO R. MORALES CHAVEZ**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF BEACON FUNDING CORPORATION
## TO DETERMINE THE DISCHARGEABILITY OF A DEBT

Plaintiff, Beacon Funding Corporation ("**Beacon**" or "**Plaintiff**"), by and through its undersigned counsel, for its Adversary Complaint against Edwardo R. Morales Chavez ("**Debtor**"), states and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an adversary proceeding under Section 523 of Title 11, United States Code (the "**Bankruptcy Code**") to determine the dischargeability of a debt.

2.      This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and § 523(a) of the Bankruptcy Code.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under the Bankruptcy Code, and likewise arises in the course of the Debtor's pending chapter 7 case under Case No. 21-10589 (the "**Chapter 7 Case**").

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) concerning a determination regarding the dischargeability of a debt.

## THE PARTIES

5.      Debtor commenced the Chapter 7 Case by filing a voluntary petition on September 14, 2021 (the "**Petition Date**").

6.      Debtor is an adult resident of Illinois. As of the Petition Date, Debtor resided at 1427 5ᵗʰ Avenue, Aurora, Illinois 60504-8601. On information and belief, Debtor continues to reside at that address.

7.      Beacon is a corporation organized and existing under the laws of the State of Illinois. Beacon is in the business, *inter alia*, of providing financing to businesses for the purchase of industrial equipment and vehicles.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      On information and belief, at all material times, Debtor was the principal employee and sole owner and/or person in control of M&B Tow Service Corporation ("**M&B**") and Eddy & Sons Towing Corp. ("**Eddy & Sons**"). M&B and Eddy & Sons each filed voluntary petitions for relief under chapter 7 with this Court on September 29, 2021 under case numbers 21-11160 and 21-11161, respectively. In his schedules, Debtor lists the value of his interests in M&B and Eddy & Sons as zero. (Chapter 7 Case, Dkt. No. 11).

9.      In January 2017, Beacon and Eddy & Sons entered into an Equipment Finance Agreement (the "**Finance Agreement**") pursuant to which Beacon financed Eddy & Son's purchase of a 2017 Ford F550 truck, VIN 1FDUF5GY8HDA01731, with one Jerr-Dan Rollback, serial number 0220011407, and various options, accessories and attachments (collectively, "**Beacon's Collateral**").

10.    Debtor executed and delivered to Beacon his personal guaranty of Eddy & Son's obligations under the Finance Agreement (the "**Guaranty**").

11.    As authorized by the Finance Agreement, Beacon perfected its security interest in the Collateral by filing a UCC-1 financing statement, and Beason has a lien on the title to the 2017 Ford F550 truck.

12.    Eddy & Sons defaulted on its obligations under the Finance Agreement with the amount of not less than $91,923.42 due and owing to Beacon, plus interest, fees and costs as provided in the Finance Agreement.

13.    On February 25, 2021, Beacon filed a verified complaint (the "**Complaint**") against Eddy & Sons and Debtor in the 16th Circuit Court of Kane County, Illinois. A true and correct copy of the Complaint was filed in the Chapter 7 Case. (Chapter 7 Case, Dkt. No. 28). Copies of the Finance Agreement and the Guaranty are attached as exhibits to the Complaint, which is incorporated herein by this reference.

14.    In its schedules executed by Debtor under oath, Eddy & Sons listed Beacon as an unsecured creditor in Schedule F with a claim in the amount of $91,923.42 on account of a "repossessed vehicle." (Case No. 21-11161, Dkt. No. 1, p. 15 of 41). Debtor's statement is false because Beacon never repossessed the Collateral and does not know its current location or condition. Debtor's statement under oath regarding the base amount of Beacon's claim is correct and is an admission of the base amount owed to Beacon on behalf of Eddy & Sons as obligor and Debtor as guarantor under the Finance Agreement.

15.    Debtor was examined under oath during the 341 meeting conducted in the chapter 7 case filed by Eddy & Sons. Debtor testified that the 2017 Ford F550 truck was stolen and that he did not file a police report.

3

16.     In Debtor's schedules under oath, Debtor lists Beacon as an unsecured creditor in Schedule F with a claim in the amount of $91,923.42 on account of a "judgment; lease deficiency." (Chapter 7 Case, Dkt. No. 11).

17.     Debtor's statement that Beacon obtained a judgment against him is false.

18.     In Schedule I, Debtor states that as of the Petition Date, he was employed by Eddy's Towing Corp. ("**Eddy's Towing**"). (Chapter 7 Case, Dkt. No. 11).

19.     On information and belief, since at least 2014, Eddy & Sons and M&B have purchased several trucks and items of industrial equipment and subsequently transferred them to Debtor and/or caused them to be retitled in the name of Eddy's Towing, Debtor's alleged employer as of the Petition Date.

20.     On information and belief, at all material times, Debtor was the person in control of M&B, Eddy & Sons, and Eddy's Towing.

21.      According to the records maintained by the Secretary of State of Illinois (the "**IL SOS**"), Eddy & Sons was dissolved on September 29, 2020.

22.     Neither M&B nor Eddy's Towing are listed in the records maintained by the IL SOS.

23.     If M&B was never incorporated, then Debtor's filing of a chapter 7 petition on behalf of M&B was improper and all statements made by Debtor in connection with the required documents filed on behalf of M&B are false.

24.     If Eddy's Towing was never incorporated, then Eddy's Towing is a sole proprietorship under the apparent control of Debtor.

25.     If Eddy & Sons was solely owned by Debtor and if M&B and Eddy's Towing were never incorporated, then the numerous transfers of industrial equipment and vehicles alleged above were transfers by Debtor to himself.

26.     In an effort to locate the Collateral, Beacon filed a motion in the Chapter 11 Case requesting authority to conduct an examination of Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure in order to evaluate Debtor's financial condition and pre-petition acts, conduct, and omissions in determining whether to object to the dischargeability of the debt owed by Debtor to Beacon (the "**2004 Motion**"). The 2004 Motion was granted without objection (the "**2004 Order**"). (Chapter 7 Case, Dkt. No. 32).

27.     In furtherance of the 2004 Order, Beacon served Debtor through his counsel with *Notice of Examination of Debtor and Rule 2004 Request for Production* (the "**2004 Discovery**"). The 2004 Discovery requested documents in 13 categories focused on the financial affairs of Debtor, M&B, Eddy & Sons and Eddy's Towing, and the location of the Collateral.

28.     Despite repeated requests, Debtor refused to comply with the 2004 Discovery. After Beacon commenced procedures to seek sanctions, Debtor's counsel, with prior notice to Beacon's counsel, filed a motion for leave to withdraw. In the motion, Debtor's counsel stated he is "unable to contact the Debtor and has no [sic] received a response to recent inquiries." (Chapter 7 Case, Dkt. No. 42). On information and belief, the representation of Debtor's counsel regarding Debtor's lack of cooperation pertained to the 2004 Discovery. Debtor's counsel was granted leave to withdraw.

29.     Since proceeding in the Chapter 7 Case pro se, Debtor has not filed any papers with the Court or appeared at any hearings, and Debtor has not responded in any way to the 2004 Discovery.

## COUNT I

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(4)

30.    Plaintiff restates and realleges paragraphs 1 through 29 inclusive as paragraph 30 of Count I as though fully set forth herein.

31.    Section 523(a)(4) of the Bankruptcy Code provides, in pertinent part, as follows:

(a)    A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –

\* \* \* \* \* \* \*

(4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .

*32.*    On information and belief, Debtor stole the Collateral and property of Beacon and converted the Collateral for his own use and benefit and/or disposition.

33.    The conduct of Debtor renders his debt to Plaintiff nondischargeable.

WHEREFORE, Plaintiff, Beacon Funding Corporation, respectfully requests judgment in its favor and against Debtor on Count II denying Debtor's discharge of the debt owed to Plaintiff in the amount of $91,923.42, plus interest, fees and costs, to which Plaintiff is entitled under the Finance Agreement, and for such further and additional relief as is equitable and just.

## COUNT II

## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)

34.    Plaintiff restates and realleges paragraphs 1 through 29 inclusive as paragraph 34 of Count II as though fully set forth herein.

35.    Section 523(a)(6) of the Bankruptcy Code provides, in pertinent part, as follows:

(a)    A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –

\* \* \* \* \* \* \*

(6)    for willful and malicious injury by the debtor to another entity or to

6

the property of another entity

36.    Debtor's representation under oath that the Collateral was repossessed is false.

37.    Debtor's statement under oath that the Collateral was stolen likely is false.

38.    If the Collateral was stolen, then Debtor's failure to file a police report was careless and negligent.

39.    If the Collateral was stolen, then Debtor's failure to have the Collateral properly insured caused serious injury to Beacon.

40.    On information and belief, Debtor converted the Collateral to his own use and benefit.

41.    On information and belief, Debtor's conduct toward Beacon was deliberate, intentional and voluntarily undertaken.

42.    On information and belief, Debtor's conduct was wrongful.

43.    On information and belief, in conscious disregard of his duties, Debtor's conduct was performed without just cause or excuse, or without any rational justification.

44.    On information and belief, in light of the circumstances presented, Debtor knew or should have known that his acts would cause financial harm to Beacon.

45.    On information and belief, Debtor's acts were willful and malicious.

46.    Beacon's rights and property, including the Collateral, were injured as a direct and proximate cause of the Debtor's acts.

47.    Beacon suffered a great loss directly due to Debtor's false and misleading conduct, representations, and fraud.

48.    Plaintiff suffered a great loss directly due to Debtor's misconduct.

49.    Debtor's debt to Plaintiff is not dischargeable.

WHEREFORE, Plaintiff, Beacon Funding Corporation, respectfully requests judgment in its favor and against Defendant on Count II denying Debtor's discharge of the debt owed to Plaintiff in the amount of $91,923.42, plus interest, fees and costs, to which Plaintiff is entitled under the Finance Agreement, and for such further and additional relief as is equitable and just.

Dated: January 21, 2023                                    BEACON FUNDING CORPORATION

                                                           By: */s/ Charles S. Stahl, Jr.*
                                                                One of its Attorneys


Charles S. Stahl, Jr. (I.D. No. 2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532
(630) 780-8472
(630) 799-6901 – Fax
cstahl@smbtrials.com